IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 09-cv-02870-LTB-BNB

DAVID CHARLES HOLDBROOK,

 Plaintiff,

v.

SAIA MOTOR FREIGHT LINE, LLC,

 Defendant.

_____

ORDER
_____

 This case is before me on Plaintiff's Motion to Strike Affirmative Defenses [Doc # 8].

After consideration of the motion and all related pleadings, I deny the motion for the reasons set

forth below.

## I. Background

 In this wrongful termination action, Defendant's Answer to Plaintiff's Complaint

includes a section entitled "Affirmative Defenses" which states:

 In addition to the defenses stated above, Defendants (sic) assert the following
 affirmative defenses to Plaintiff's Complaint:

 1. Plaintiff's Complaint should be dismissed in whole or in part under Rule
 12(b)(6) for failing to state a claim upon which relief may be granted.

 2. Plaintiff has failed to mitigate his damages, if any.

 3. Defendant's conduct as it related to the Plaintiff was reasonable and taken in
 good faith.

 4. Plaintiff has been the cause of his own damages, if any.

5.  Some or all of Plaintiff's claims may be untimely and/or barred in whole or in part by the applicable statute of limitations.

6.  Plaintiff has failed to exhaust his administrative remedies and/or statutory prerequisites before bringing this lawsuit.

7.  Plaintiff's claims for damages or injuries, if any, arising out of or in the course of his employment are barred in whole or in part by the exclusive remedy provisions of the Colorado Worker's Compensation Act.

8.  Plaintiff's claims are barred, in whole or in part, on the ground that the actions alleged either do not state any viable public policy upon which a public policy wrongful discharge claim can be based and/or there are other statutory remedies available for such claims.

9.  Defendant reserves the right to add additional defenses as appropriate upon completion of discovery.

Plaintiff argues that the affirmative defenses set forth in paragraphs 2, 4, 5, 6, and 9 should be stricken for noncompliance with Fed. R. Civ. P. 8 as interpreted in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal,* — U.S. —, 129 S.Ct. 1937 (2009).

## II. Standard of Review

Under Rule 8(b)(1)(A), Fed. R. Civ. P., a party responding to a pleading must "state in short and plain terms its defenses to each claim asserted against it." Under Rule 12(f), Fed. R. Civ. P., a court may strike "an insufficient defense" from a pleading. "Motions to strike, however, are generally a disfavored and drastic remedy." *Sierra Club v. Tri-State Generation and Transmission Ass'n, Inc.,* 173 F.R.D. 275, 285 (D. Colo. 1997). Nonetheless, the decision to grant a motion to strike rests within the sound discretion of the Court. *Vanderhurst v. Colo. Mountain Coll. Dist.,* 16 F. Supp. 2d 1297, 1303 (D. Colo. 1998).

## III.  Analysis

To prevail on his motion to strike, Plaintiff  need not show that Defendant's defenses

have no bearing on the controversy or that he is prejudiced by them. Rather, these requirements

are applicable when a motion to strike is predicated on a pleading's inclusion of allegations that

are redundant, immaterial, impertinent, or scandalous. *See* Fed. R. Civ. P. 12(f) (court may

strike an insufficient defense *or* any redundant, immaterial, impertinent, or scandalous matter).

Resolution of Plaintiff's motion to strike therefore turns on whether the pleading requirements

set forth in *Twombley* and *Iqbal* are applicable to affirmative defenses.

Under *Twombley* and *Iqbal*, a complaint must provide more than labels and conclusions

or naked assertions devoid of further factual enhancement. *Twombly*, 550 U.S. at 555 & 557;

*Iqbal* 129 S.Ct. at 1949. Defendant's affirmative defenses seemingly fail to meet these pleading

standards. However, in both *Twombley* and *Iqbal*, the Supreme Court's analysis was limited to

the requirements for pleadings stating a claim for relief which are governed by Fed. R. Civ. P.

8(a)(2). The standard under Rule 8(a)(2) is similar but not identical to that under Rule

8(b)(1)(A). *Compare* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must

contain ... a short and plain statement of the claim showing that the pleader is entitled to relief")

*with* Fed. R. Civ. P. 8(b)(1) ("in responding to a pleading, a party must ... state in short and plain

terms its defenses to each claim asserted against it"). Moreover, as noted by Defendant, it is

reasonable to impose stricter pleading requirements on a plaintiff who has significantly more

time to develop factual support for his claims than a defendant who is only given 20 days to

respond to a complaint and assert its affirmative defenses.

I recognize that some district courts have extended the pleading requirements or

*Twombley* and *Iqbal* to affirmative defenses, *see e.g. Holtzman v. B/E Aerospace, Inc.,* 2008 WL

2225668 (S.D. Fla. May 28, 2008), but conclude that the better-reasoned approach is that taken

by other district courts that have declined to do so, *see e.g. First Nat'l Ins. Co. of Amer. v. Camps Serv., Ltd.,* 2009 WL 22861 (E.D. Mich. Jan. 5, 2009), particularly in light of the disfavored status of motions to strike.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Strike Affirmative Defenses [Doc #8] is DENIED.

Dated: March __8__, 2010 in Denver, Colorado.

BY THE COURT:

__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, JUDGE